HARTWICK LUMBER CO. *v.* PERLMAN.

USURY—MORTGAGE NOT USURIOUS.
> That a lumber company charged more for lumber sold on credit, for which a mortgage was given to it, than it would have charged had payment been made in cash, does not render the mortgage usurious, under 2 Comp. Laws 1915, § 5998.

Appeal from Wayne; Dehnke (Herman), J., presiding. Submitted October 24, 1928. (Docket No. 159, Calendar No. 34,000.) Decided December 4, 1928.

Bill by the Hartwick Lumber Company against Meyer Perlman and another to foreclose a mortgage. From a decree for plaintiff, defendants appeal. Affirmed.

*Welsh, Bebout & Lee,* for plaintiff.

*Eugene B. Houseman,* for defendant Perlman.

As to whether increasing price upon sale on credit constitutes usury, see annotation in 28 L. R. A. (N. S.) 102.

POTTER, J. Defendant Meyer Perlman, owning real estate, desired to erect a combined store and apartment building thereon. He purchased lumber therefor of plaintiff under a written contract as follows:

"September 25, 1924.

"Mr. MEYER PERLMAN,
"Mrs. ZELDA PERLMAN,
"289 Josephine Ave.

"*Dear Sir and Madam:* We will furnish you all of the rough lumber and finish required construction of your apartment building (four stores, 50 apartments) to be erected on lots 32 of Herbert L. Baker's subdivision located on the west side of 16th between Ferry park and West Grand boulevard at prices shown on our current list price prevailing on this date.

"The terms of sale to be, payment in cash on the 10th of each month on all deliveries made during the preceding month and on such payments made we will allow you a discount of 10%.

"If you find it desirable to do so at the time you require a release from us to enable you to receive the proceeds of the first mortgage, we will accept from you your notes aggregating $33,000, on the following basis. The notes are to be dated at the time they are given us to bear interest from March 1, 1925, to be made payable as follows:

"$750 on April 1, 1925, and $750 on the 1st of each month thereafter for 29 months and the remainder of the $33,000 to be payable at the end of the 30th month after April 1, 1925. These notes to be secured by mortgage on the building and lots above described free from all liens and mortgages except a first mortgage to the United States Mortgage Bond Company of Detroit for a sum not exceeding $175,000. These notes aggregating $33,000, we will pass to the credit of your account or a net sum of $30,000 and at the completion of the building,

if the amount for materials delivered to same is in excess of $30,000 such excess to be paid for in cash with[in] 30 days from that time.

"If you should wish to pay us in cash at the completion of the building and prior to April 1, 1925, we will agree to give you a discount of $5,000 off the $33,000 in notes.

"If this proposal is satisfactory to you please accept same in duplicate where indicated below when same will become a binding agreement upon both of us which shall extend to and be obligatory upon the heirs, successors and assigns of each of us.

> "Yours very truly,
> "HARTWICK LUMBER COMPANY,
> "WM. H. KITTLE, (Sgd.)
> "Vice-president.

"I hereby accept the above proposal and agree to comply with all terms contained therein.

> (Sgd.) "Mr. PERLMAN,
> (Sgd.) "ZELDA PERLMAN."

Defendant Perlman purchased lumber to the value of $38,747.09 at cash prices. Defendant Perlman gave a first mortgage on the premises to defendant United States Mortgage Bond Company, Ltd., for $175,000 and a second mortgage to plaintiff for $33,000. Defendant Perlman did not pay in cash within 30 days the cost of materials furnished by plaintiff in excess of $30,000 at cash prices. Plaintiff claimed a lien on the premises for materials furnished for $8,747.09, filed a bill to establish and foreclose the same, obtained a decree for $9,348.46, being the amount claimed with interest, and at that figure, plus costs, defendant United States Mortgage Bond Company, Ltd., purchased the premises. Prior to the commencement of this suit plaintiff's mortgage had been reduced by payments thereon to $24,000, when default was made in further payments, and the bill herein was filed July 12, 1927,

to foreclose the second mortgage. There was decree for plaintiff for $28,363.92 and defendants appeal.

The sole question is, was the mortgage usurious? If so, plaintiff cannot recover interest. Section 5998, 2 Comp. Laws 1915. Plaintiff had a right to charge more for its lumber sold on credit than when sold for cash. That it did so does not render the mortgage herein usurious. *Rosen* v. *Rosen*, 159 Mich. 72 (134 Am. St. Rep. 712); 39 Cyc. p. 926; 27 R. C. L. p. 214; 28 L. R. A. (N. S.) 102, note.

Decree affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.