### GRAMATAN NATIONAL BANK & TRUST COMPANY v. DEGRAFF.

1. BILLS AND NOTES—INDORSEES—NOTE SEPARATED FROM CONTRACT —HOLDER IN DUE COURSE.

     Indorsee of note which had been severed from bottom of improvement contract form which had been furnished by the indorsee to the payee was charged with knowledge of all that appeared on the complete form when that form was signed by the payor-obligor defendants and its subsequent alteration by separation at perforated line from the attached form, after defendants had signed it, did not make of the indorsee a holder in due course of the severed and amount-increased note.

2. SAME—HOLDER—USURY—FAILURE OF PERFORMANCE.

     Holder of note which had been altered by filling in blanks with a sum constituting patent usury and by severance at perforation where it had been attached to contract form provided by plaintiff holder to the payee, stood in shoes of payee who was subject to defenses of usury and of gross noncompliance with terms of contract.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 11 Am Jur 2d, Bills and Notes § 70.
     4 Am Jur 2d, Alteration of Instruments § 64.

Appeal from Jackson; Dalton (John C.), J.   Submitted October 6, 1964.   (Calendar No. 9, Docket No. 50,525.)   Decided January 4, 1965.

Action by the Gramatan National Bank & Trust Company, a Federal banking institution, against Martin DeGraff and Dorothy DeGraff for sums due on note.   Judgment for defendants.   Plaintiff appeals.   Affirmed.

*Joseph C. Cox,* for plaintiff.

*Alvin G. Dahlem,* for defendants.

BLACK, J.   Plaintiff bank sued defendants upon the "Note" we shall describe.   With other affirmative matter defendants pleaded usury.   Most of the facts were stipulated.   All issues were tried to the court.   The trial judge prepared and filed a well considered opinion.   The conclusion reached was:

"This case is governed by the case of *Bird Finance Corp.* v. *Lamerson,* 303 Mich 422, and the contract upon which the note in question is based is usurious on the face thereof, knowledge of which is chargeable to plaintiff before purchase on August 26, 1955, and plaintiff is therefore not a holder in due course.

"Plaintiff stands in the same position as Murphy with reference to defenses raised (not including failure to file assumed-name certificate), and Murphy would have no standing in this court because of his gross noncompliance with the terms of the contract."*

Judgment of no cause was entered.   Plaintiff appeals.

Plaintiff Gramatan National Bank & Trust Company claims that it is a holder in due course of the

---

* Murphy, doing business as Ace Bildors, was the payee.   Plaintiff was the indorsee of Ace Bildors.   We shall, for convenience, refer to Murphy as "Ace Bildors" throughout this opinion.

"Note" part of a single legal instrument defendants had signed. The printed form of such instrument had been prepared and distributed by plaintiff through its Michigan agent, The Gramatan Company Incorporated. August 2, 1955, plaintiff's said agent wrote Ace Bildors that "we have approved the purchase of property improvement transactions from your company." The agent's letter went on to enclose a "supply of our credit statement-application forms which must be used in connection with all notes purchased from you." The letter proceeds:

"You will observe the note is perforated to the bottom of this form. In order to give you the best possible service it is suggested that all installment transactions be telephoned directly to our office. We will telephone you our decision within 48 hours in most instances and follow the verbal agreement with written commitment.

"Upon receipt of the signed credit statement, note and copy of your contract the proceeds of the note will immediately be disbursed to you."

Such "credit statement-application" is (prior to separation thereof into two parts by tearing it across the perforated horizontal line) a complete 12″ x 8-1/2″ legal form. It is entitled on the back "special modernization-financing plan." Below such entitlement printing appears as follows:

"The
GRAMATAN COMPANY, INC.
470 Hollister Bldg.    Tel. No. IVanhoe 9–7507
Lansing 8, Mich.
an Affiliate of
The Gramatan National Bank
and Trust Company
of Bronxville, N. Y."

The defendant homeowners, being interested in making certain improvements to their home, an-

swered a newspaper advertisement of Ace Bildors. Ace Bildors agreed with defendants to perform work and furnish materials necessary to provide for them specific home improvements, for the stipulated sum of $1,690. One of the then complete Gramatan forms was, above the horizontal perforated line, signed by defendants August 15, 1955. Such part stated the contract price, $1,690. That part of the form, below the perforated line, is headed "Note." Such part was signed in blank by defendants. It was filled out later so as to call for payment of the sum of $2,044.44. Such filling out was done *ex parte* between August 15, 1955 and August 26, 1955. On such last date Ace Bildors received its cut, from Michigan Gramatan, in the sum of $1,690.

The improvement contract between Ace Bildors and defendants was never completed. Ace disappeared, so to speak. Murphy was, however, located in time for subpoena at trial. Murphy's testimony was to effect that the amount of the "Note" was filled in, by or with knowledge of plaintiff's Michigan agent, after defendants had signed. But even without Murphy's testimony plaintiff is charged with knowledge of all that appeared on the complete form when that form was signed by defendants. To make it perfectly clear, the subsequent alteration—by separation—of the form, after defendants had signed it, did not make of either Gramatan company a holder in due course of the severed and amount-increased "Note."

It is not seriously questioned that, if the subsequently separated "Note" was yet in the hands of Ace Bildors, Ace Bildors could not recover thereon. That issue, upon persuasive supporting proof, was in any event found contrary to plaintiff's contention. The decisive question, then, is this: May the plaintiff in the circumstances stated maintain that it has

purchased a negotiable instrument absent notice of precedent infirmity?

The facts speak for themselves. When the defendants signed above and below the perforated line they were obligating themselves to pay only according to the tenor of the instrument as signed. To alter such an instrument by tearing it into two parts, and then by filling in the amount blanks of the "Note" with a sum constituting patent usury, left the plaintiff holder in the legal shoes of Ace Bildors.

By eminently correct reasoning Judge Dalton reached the right result. Judgment affirmed. Costs to defendants.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.