## MANUFACTURER'S NATIONAL BANK OF DETROIT v BURLISON

### Opinion of the Court

1. Usury—Credit Sales—Cash Sales—Pretense—Unenforceable Interest Charges.

A seller may charge more for the sale of goods or services on credit than for cash sales without rendering the contract usurious; however, if the sale of goods or services is merely a pretense to camouflage a usurious transaction, the usurious interest charge is unenforceable.

2. Usury—Credit Sales—Cash Sales—Right of Choice—Lawful Interest.

A credit sales transaction does not involve usury where the negotiations between a buyer and a seller involve a bona fide quotation of both a cash price and a credit price from which the buyer exercises a right of choice, even though the quoted credit price exceeds the cash price plus lawful interest; however, this type of credit sales transaction is usurious if the buyer is not given a choice between paying a cash price or paying an additional charge for buying on credit.

3. Usury—Conflicting Evidence—Trier of Fact.

A trier of fact must determine whether a particular transaction is usurious where conflicting evidence appears.

4. Judgment—Summary Judgment—No Genuine Issue—Material Fact—Affidavits—Documentary Evidence—Court Rules.

A motion for summary judgment based on there being no genuine issue as to any material fact tests for conflicting material issues of fact by resort to affidavits, pleadings, depositions, admissions and documentary evidence (GCR 1963, 117.2[3]).

References for Points in Headnotes
[1, 2, 5] 45 Am Jur 2d, Interest and Usury §§ 2, 111, 117, 122 *et seq.*
[3, 6] 45 Am Jur 2d, Interest and Usury §§ 111, 112, 117, 122, 349.
[4, 7] 73 Am Jur 2d, Summary Judgment §§ 17, 26 *et seq.*

DISSENT BY V. J. BRENNAN, J.

5. USURY—TIME-PRICE DIFFERENTIAL—CREDIT SALES—INTEREST RATES
   —STATUTES.

   *A time-price differential which may be charged to a buyer upon a
   sale of goods or services on credit is an exception to the
   Michigan usury statute which requires that interest on money
   not exceed 5% unless the parties stipulate in writing to an
   interest rate not to exceed 7% per annum (MCLA 438.31; MSA
   19.15[1]).*

6. USURY—FACT QUESTION—CONFLICTING EVIDENCE—TRIER OF FACT.

   *It is a fact question whether or not a particular transaction is
   usurious where the evidence is conflicting, and the decision is
   not to be made according to any hard and fast test and the
   trier of fact should look beyond the form of a transaction, to its
   substance, to determine the true character of the transaction.*

7. JUDGMENT—SUMMARY JUDGMENT—TRIAL COURTS—NO GENUINE IS-
   SUE—BENEFIT OF DOUBT.

   *A trial court, in making a determination on a motion for sum-
   mary judgment made on grounds that there is no genuine issue
   as to any material fact, should give the benefit of every reason-
   able doubt to the opposing party, and should not grant sum-
   mary judgment unless the court finds that it is impossible for
   the claim to be supported at trial because of some deficiency
   which cannot be overcome (GCR 1963, 117.2[3]).*

Appeal from Wayne, James N. Canham, J. Sub-
mitted March 9, 1976, at Detroit. (Docket No.
22660.) Decided June 24, 1976. Leave to appeal
applied for.

Complaint by Manufacturer's National Bank of
Detroit against Howard D. Burlison, Russell E.
Davis, Harry Altman & Sons, and Harold Tirakian
to recover the remainder due on a note in default.
Summary judgment for plaintiff. Defendants Burli-
son and Davis appeal. Affirmed.

*Butzel, Long, Gust, Klein & Van Zile* (by
*Thomas E. Sizemore),* for plaintiff.

*Gillis* and *LaRose,* for defendants Howard Burlison and Russell Davis.

Before: BASHARA, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

BASHARA, P. J. The appellee brought this action to recover the remainder due on a note in default and obtained summary judgment. Appellants, Howard D. Burlison and Russell E. Davis, seek review.

The appellants entered into an agreement with Harry Altman & Sons for the purchase and installation of bar equipment in a tavern they were renovating. Pursuant to the contract a document entitled "Note and Security Agreement" was executed on October 31, 1966. It contained a "Statement of Transaction" which provided:

| | |
|---|---|
| Total Cash Purchase Price | $45,358.45 |
| Tax (TE 32,857.60) | 500.00 |
| Total | 45,858.48 |
| Less Allowance for trade | |
| Unpaid Balance | 45,858.48 |
| Cash Down Payment | 8,000.00 |
| Deferred Balance | 37,858.48 |
| Credit Life | |
| Time Charge | 13,250.47 |
| Time Balance | $51,108.95 |

The note and security agreement further provided that the appellants would make 60 monthly installments of $841.81, except for the final installment which would be the balance due to pay off the time balance of $51,108.95.

Prior to default, Harry Altman & Sons discounted the note with the appellee subject to a right of recourse. On December 1, 1970, the appellants paid $378.49 to the appellee, which they

claimed represented the final payment on the deferred balance of $37,858.48. Appellants notified appellee that, on advice of counsel, they refused to pay the time charge because it was usurious.

The trial judge granted summary judgment on the ground that there existed no genuine issue of material fact. GCR 1963, 117.2(3). The court ruled that the interest ceiling statute, 1948 CL 438.51,[1] did not apply since the transaction was a sale of goods and services, and the appellants were aware that the time charge was necessitated by their inability to pay cash. He further held that the appellee was not estopped from claiming that the time charge represented an increase in sales price for a credit sale.

A seller may charge more for the sale of goods or services on credit than for cash sales without rendering the contract usurious. *Hartwick Lumber Co v Perlman,* 245 Mich 3, 6; 222 NW 147 (1928), *Keefe v Bush & Lane Piano Co,* 247 Mich 82, 86–87; 225 NW 585 (1929). However, if the sale of goods or services is merely a pretense to camouflage a usurious transaction, the usurious interest charge is unenforceable. *Attorney General v Contract Purchase Corp,* 327 Mich 636, 643; 42 NW2d 768 (1950).

The transaction is usurious if the buyer is not given a choice between paying a cash price or paying an additional charge for buying on credit. *Matthews v Aluminum Acceptance Corp,* 1 Mich App 570, 578; 137 NW2d 280 (1965), *lv den* 377 Mich 702 (1966), *cf. Gramatan National Bank & Trust Co v DeGraff,* 374 Mich 148; 132 NW2d 148 (1965). If the negotiations between the buyer and seller involve a bona fide quotation of both a cash

---

[1] 1948 CL 438.51 was repealed by 1966 PA 326, effective March 10, 1967, and was replaced by MCLA 438.31; MSA 19.15(1).

price and a credit price, from which a buyer exercises a right of choice, the transaction does not involve usury, even though the quoted credit price exceeds the cash price plus lawful interest. *Attorney General v Contract Purchase Corp, supra.* See 14 ALR3d 1065, § 4, p 1077.

A trier of fact must determine whether a particular transaction is usurious where conflicting evidence appears. *Hillman's v Em 'N Al's,* 345 Mich 644, 652; 77 NW2d 96 (1956). A motion for summary judgment grounded on GCR 1963, 117.2(3), tests for conflicting material issues of fact by resort to affidavits, pleadings, depositions, admissions and documentary evidence. GCR 1963, 117.2, *Rizzo v Kretschmer,* 389 Mich 363, 371; 207 NW2d 316 (1973).

The deposition of appellant Burlison clearly discloses at the time of negotiation, appellants understood they could have purchased the bar equipment for the cash price of $45,858.48. Burlison admitted that neither he nor Mr. Davis had that much cash, and therefore had to buy on credit. Compare the factual situation presented here with *Bird Finance Corp v Lamerson,* 303 Mich 422, 434–435; 6 NW2d 732 (1942),[2] *Gramatan National Bank & Trust Co v DeGraff, supra, Matthews v Aluminum Acceptance Corp, supra.*

In light of the admissions contained in Burlison's deposition, it is unnecessary for a fact-finder to consider those factors mentioned in appellant's brief which tend to indicate an interest charge rather than an increase in price due to a time price differential. We find the trial judge correctly granted summary judgment.

Our finding that the transaction was not usuri-

---

[2] Although this was a dissenting opinion there was no division in the Court as to the finding that usury was involved. *Hillman's v Em 'N Al's,* 345 Mich 644, 654; 77 NW2d 96 (1956).

ous negates the necessity to consider the question of estoppel.

Affirmed. Costs to appellee.

T. M. BURNS, J., concurred.

V. J. BRENNAN, J. *(dissenting)*. I must respectfully dissent from my Brother BASHARA's opinion.

The Michigan statute on usury provides that interest on money shall be at a rate of 5%, except that parties may stipulate in writing to a rate not to exceed 7% per annum. MCLA 438.31; MSA 19.15(1). An exception to the act is made for "any time price differential which may be charged upon sales of goods or services on credit".

In determining whether a transaction is usurious, Michigan courts have wisely used a cautious and open approach:

> "Whether a particular transaction is usurious is a fact question, where the evidence is conflicting. Decision is not to be made according to any hard and fast test. The case is not to be determined simply by what the parties represent the transaction to be, but by considering the whole evidence to ascertain whether or not it is in substance a contracting to receive usurious interest for a loan or forbearance of money. The process involves looking through the form to the substance. No device or shift may be employed to conceal the true character of the transaction." *Hillman's v Em 'N Al's,* 345 Mich 644, 652; 77 NW2d 96 (1956).

Frankly, I am not satisfied by the terms of the sale that the "time charge" of $13,250.45 was not actually a usurious charge for interest rather than a time-price differential.

Certainly some unsettling conflict does appear on the record. Specifically, the increase in price

here was a percentage of the cash price amounting to $7 per hundred for five years on the unpaid balance or exactly 7%. Such evidence that the credit price was calculated in terms of interest or percentage speaks strongly to finding an interest charge rather than a time-price differential. J. Boyles, dissenting, *Bird Finance Corp v Lamerson,* 303 Mich 422, 434–435; 6 NW 732 (1942). See 14 ALR3d 1065, § 17, p 1140.

Where motion for summary judgment is made on grounds that "there is no genuine issue as to any material fact", GCR 1963, 117.2(3), the trial court should give the benefit of any reasonable doubt to the opposing party, and should not grant summary judgment unless it finds that "it is impossible for the claim * * * to be supported at trial because of some deficiency which cannot be overcome". *Sanders v Clark Oil Refining Corp,* 57 Mich App 687, 691; 226 NW2d 695 (1975), *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316, 320 (1973).

Because I believe a factual question does reasonably exist as to whether the "time charge" was interest, which in the absence of written stipulation would be usurious under the statute, and not a time-price differential, I would reverse and remand this case for trial.