Janice Juanita BROWNLEE, Appellant,

v.

Seth Marvin BROWNLEE, Appellee.

No. 15641.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 9, 1970.

Celia L. Nathan, Lawrence T. Newman, Houston, for appellant.

Cattanach, Hughes, Carlisle & Cralle, Robert A. Cattanach, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment denying appellant any relief prayed for in her proceeding by way of a Bill of Review. The object of the bill, which was filed November 17, 1969, was to set aside a judgment of July 9, 1969 (signed July 11) which awarded appellee a divorce from appellant and awarded appellee custody of the minor child. The judgment was alleged to be void for want of valid service on appellant

while she and the minor child resided in the State of Mississippi. The form of the citation and manner of its service were also attacked.

The appeal is before us without a statement of facts except there appears in the transcript an order signed by the trial judge reciting that certain enumerated orders in the cause in which the divorce was granted were introduced in evidence in the bill of review proceeding and certified copies were ordered sent to this court. Neither are there findings of fact or conclusions of law. The instruments, copies of which were sent up, were as follows:

1. Appellant's Petition for Divorce filed May 2, 1967.

2. Appellee's Cross-Action filed July 2, 1967.

3. Appellee's Amended Cross-Action filed October 31, 1968.

4. Notice to serve signed by David Lawson on 1–4–69.

5. Judgment of Divorce and Custody signed July 11, 1969.

Considering such instruments as a partial statement of facts it is noted that the "Notice to Serve" signed by Lawson is not a citation but is a "Show-Cause" Order. It directs the service of a copy of appellee's First Amended Original Cross-Action together with the judge's order thereon, "to appear at 9:00 o'clock A.M., then and there to show cause in accordance with the certified copy of the Order of the Court hereto attached." The court's order is nothing more than one directing appellant to show cause why appellee should not have temporary custody of the child and temporary use of the home. The return shows personal service on appellant by David Lawson, an adult who is in no manner interested in the suit, in the State of Mississippi.

Appellant by points of error makes various attacks on the manner of service and the want of service of citation on the cross-action. Appellant also plead extrinsic fraud asserting the absence of notice of the setting of the case for trial which was brought about by appellee.

It seems to be conceded that appellant made no appearance in the proceeding in the Texas court which rendered the judgment that is attacked here. The court's judgment recited appellant "though duly served and notified of the appearance date, wholly failed to make an appearance."

Appellant in her petition for bill of review alleges the child was brought to Texas from Mississippi "through a writ of habeas corpus filed in Mississippi and that the habeas corpus was granted on a basis of the judgment of July 11, 1969." She further alleges she first learned a divorce had been granted when "the writ of habeas corpus was served on her in Mississippi in August, 1969." Further in her brief in this court appellant states, "the first notice she had of the divorce and appellee's legal custody of the minor child was on September 2, 1969, when appellee appeared in Philadelphia, Mississippi for a hearing on a writ of habeas corpus, and the court giving full faith and credit to the Texas Divorce and Child Custody order, took the minor child * * * from the custody of the mother * * * and gave the child to appellee."

Appellee in his answer to the petition for bill of review, among other defenses, plead valid service in the Texas divorce proceeding, and that "subsequent to that decree * * * Seth Marvin Brownlee filed a writ of habeas corpus in * * * Mississippi, and was again awarded custody of the child. Since that award the Respondent (Appellee) has resided with the child in Houston, Texas, * * *"

Appellant does not attack the Mississippi judgment giving full faith and credit to the Texas judgment.

■ We will assume that the Texas judgment would have been subject to attack in Mississippi for want of jurisdiction over the appellant and for extrinsic fraud.

Article IV, Section 1, of the Constitution of the United States, requires that a state shall give full faith and credit to the judgment of another state. It is held, however, that the judgment of a sister state when sued on in another state may be attacked for want of jurisdiction. In some states an attack based on fraud in procurement is allowed. Stumberg, Conflict of Laws, 3rd Edition, pp. 111–115; Leflar, Conflict of Laws, Sections 74 and 76.

■ It appears under the record before us, both from appellant's pleadings and statements in her brief and in appellee's pleading, that in the habeas corpus proceeding in Mississippi the divorce judgment here attacked was the basis for appellee's seeking and obtaining custody of the child. In that proceeding the judgment would have been subject to attack for want of jurisdiction. It does not appear whether such an attack was made. This makes no difference. It was a defense known to be available and could have been asserted. In either case the judgment on the judgment rendered in the sister state is binding on the parties. Leflar, Ibid., Sec. 74; Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup. Ct.).

■ We are required to give the same credit to the Mississippi judgment as would the courts of that state. In the absence of a pleading of the Mississippi law, or a request to the trial court under Rule 184a, Rules of Civil Procedure, that it take judicial notice of such law, we presume the Mississippi law to be the same as the Texas law. Under our law, the facts with regard to the alleged want of valid service, and the facts alleged to amount to extrinsic fraud, being known to appellant at the time of the Mississippi proceeding, the Mississippi judgment would be res adjudicata. Ogletree v. Crates, supra; Marsh v. Millward, 381 S.W.2d 110 (El Paso, Tex.Civ. App.), ref., n. r. e. One more word about appellant's assertion of extrinsic fraud should be added. The record before us does not reflect proof of extrinsic fraud.

Appellee filed a motion to be allowed to file a supplemental transcript. We ordered the motion carried with the case. Such transcript is before us for examination. It contains instruments that were filed in connection with the divorce suit. There is nothing to show that they were before the court in the bill of review proceeding. Leave to file is refused.

Affirmed.