UTICA MUTUAL INSURANCE COMPANY,
Appellant,

v.

William BENNETT, Appellee.

No. 16023.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 22, 1973.

Rehearing Denied April 5, 1973.

Watkins & Hamilton, John W. Lee, Houston, for appellant.

Jim S. Phelps, Houston, for appellee.

PEDEN, Justice.

This is an appeal from a judgment against the insurer in a suit on an automobile insurance policy.

Appellee William Bennett had, in an earlier suit filed in Polk County against Southern Industries, Inc., Siesta Furniture Manufacturing Company, Inc. and John W. Garrett, alleged that he was injured on December 5, 1959 when a 1959 International Truck-tractor and Semi-trailer, driven by Mr. John W. Garrett, ran into the rear end of his pick-up truck. In that suit he obtained a judgment for $10,000 against the defendants jointly and severally, but it was never satisfied, and he brought this suit against Utica Mutual Insurance Co., alleging that on the date of the accident the truck driven by Garrett was covered by insurance policy (No. 27871–CL) written by appellant, Utica Mutual Insurance Company; that this policy included coverage for Southern Industries, Inc., Siesta Furniture Manufacturing Company, Inc. and John W. Garrett. Appellee asserted that as a third-party beneficiary he was entitled under the terms of the policy to recover from Utica Mutual for all amounts due under his prior judgment.

Appellee further alleged that although this suit against Utica Mutual was filed on July 20, 1966, Utica Mutual did not until February 11, 1972 allege any violation by insured of the policy conditions, to wit: failure to give notice of the occurrence and failure to forward to Utica demands, notices, summons or other processes. Appellee alleged that if there was a failure to give notice and to forward papers, appellant cannot assert these policy defenses because of waiver, estoppel and laches.

Appellant admitted that it issued policy # 27871–CL but alleged that the only named insured was Southern Industries, Inc.

In addition to its allegation of failure to comply with policy conditions, appellant denied liability arising from the Polk County occurrence for the reasons that the driver was not employed by Southern Industries, Inc. and that the vehicle itself was not covered by the policy nor was it owned or operated by Southern Industries, Inc.

The following special issues were submitted to the jury and the following answers were made by it:

1. "Do you find from a preponderance of the evidence that Utica Mutual Insurance Company's Policy No. 27871–CL was written to cover the 1959 International truck involved in the accident of December 5, 1959, in Polk County, Texas?

"Answer: 'We do' or 'We do not'

"Answer: We do

2. "Do you find from a preponderance of the evidence that Southern Industries, Inc. as soon as practicable notified The Binford Insurance Agency of the accident in which the 1959 International truck was involved on December 5, 1959?

"Answer: 'We do' or 'We do not'

"Answer: We do

3. "Do you find from a preponderance of the evidence that the failure of Southern Industries, Inc., to give such notice of the accident of December 5, 1959, if you have so found, did not prejudice the rights of the Utica Mutual Insurance Company?

"Answer: 'We do' or 'We do not'

"Answer: We do

4. "Do you find from a preponderance of the evidence that copies of the suit papers in Cause No. 7092, styled William Bennett vs. Southern Industries, Inc. and filed in the District Court of Polk County, Texas were not received by the Defendant in that cause, Southern Industries, Inc.?

"Answer: 'We do' or 'We do not'

"Answer: We do

5. "Do you find from a preponderance of the evidence that copies of the suit papers in Cause No. 7092, styled William Bennett vs. Southern Industries, Inc. and filed in the District Court of Polk County, Texas were not received by the Defendant in that cause, John W. Garrett?

"Answer: 'We do' or 'We do not'

"Answer: We do

6. "Do you find from a preponderance of the evidence that the delay of some five and one-half (5½) years by the Defendant Utica Mutual Insurance Company to plead as a defense that no notice of the occurrence was given Utica Mutual Insurance Company as soon as practicable, and that no suit papers were forwarded to Utica, operated to the disadvantage of the Plaintiff, William Bennett?

"Answer: 'We do' or 'We do not'

"Answer: We do"

Judgment was rendered April 3, 1972 against Utica Mutual Insurance Company for the sum of $10,021.70 plus interest and costs.

Appellant, Utica Mutual, asserts thirteen points of error in its appeal from that judgment.

Point of error No. 1 states:

"There is a fatal conflict between the jury's responses to special issues 2 and 3 which cannot be reconciled."

█ The test for a fatal conflict between findings was expressed by the Supreme Court in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949):

"[T]he court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict."

See also Texas & Pacific Railway Company v. Snider, 159 Tex. 380, 321 S.W.2d 280 (1959).

Applying this test in the instant case is complicated by a choice of law problem. Under Texas law, an insured must comply with the conditions of his insurance policy, and he cannot show that his failure to comply has not prejudiced the insurer. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955); Members Mutual Insurance Company v. Cutaia, 476 S.W.2d 278 (Tex.1972). The law of Mississippi on this subject is apparently different in that even if the policy condition of giving notice to the insurer as soon as practicable is not complied with, the insured may still recover if the failure to give such notice did not prejudice the rights of the insurer. Young v. Travelers Ins. Co., 119 F.2d 877 (5th Cir. 1941). See also Harris v. American Motorist Insurance Company, 240 Miss. 262, 126 So.2d 870 (1961).

Consequently, under Mississippi law there would be no fatal conflict between finding no. 2 and finding no. 3; however under Texas law, there may well be a conflict. Under Mississippi law the insurer, Utica Mutual, would be liable either if issue no. 2 alone were disregarded or if issue no. 3 alone were disregarded. Under Texas law, if issue no. 3 alone were disregarded, then Utica Mutual would be liable, while if issue no. 2 alone were disregarded, it is quite possible that Utica Mutual would not be liable because issue no. 3 might be interpreted as a finding of failure to give notice. Appellee argues that issue no. 3 is addressed to the question of prejudice and not notice; it is subject to several interpretations, but we consider that it contemplated a previous finding of failure to give proper notice.

We hold that Mississippi law is the applicable law in this case and therefore there is no fatal conflict of findings. Appellant claims that the trial court could not take judicial notice of Mississippi law, because appellee failed to comply with Texas Rules of Civil Procedure, Rule 184a. This rule provides:

"The judge upon the motion of either party shall take judicial notice of the common law, public statutes, and court decisions of every other state, territory, or jurisdiction of the United States. Any party requesting that judicial notice be taken of such matter shall furnish the judge sufficient information to enable him properly to comply with the request, and shall give each adverse party such notice, if any, as the judge may deem necessary, to enable the adverse party fairly to prepare to meet the request. The rulings of the judge on such matters shall be subject to review."

In the absence of a pleading of Mississippi law or a request to take judicial notice of that law under Rule 184a, this court will presume Mississippi law to be the same as Texas law. Brownlee v. Brownlee, 456 S.W.2d 782 (Tex.Civ.App. 1970, no writ). The statement of facts shows that appellee did make an oral motion under Rule 184a for the court to take judicial notice of three cases which he apparently submitted for examination. These cases, however, were not named in the statement of facts, nor were they offered into evidence. Appellant complains that appellee did not furnish the judge with sufficient information to enable him properly to comply with the request for judicial knowledge, citing Austin Building Co. v. National Union Fire Insurance Co., 403 S.W.2d 499 (Tex.Civ.App.1966, writ ref. n. r. e).

There is no absolute rule to determine the sufficiency of information required under Rule 184a but the motion for judicial notice should set forth with some particularity the law that is to be relied upon. Thomas, Proof of Foreign Law in Texas, 25 S.W.L.J. 554 (1971). We have held that it is not necessary to produce proof of facts of which a court is authorized to take judicial knowledge. Doppke v. American Bank & Trust Company, 402 S.W.2d 317 (Tex.Civ.App.1966, writ ref. n.

r. e.). In Doppke we stated that the appellant was put on notice that appellee was asserting Michigan usury law because of his motion for summary judgment filed several months prior to trial, holding:

"In the absence of any exception to the contents of the formal notice or to the date on which it was filed, the trial court did not abuse his discretion in determining that the notice was timely and sufficient."

■ In the instant case, when appellee made his motion under Rule 184a, appellant's counsel claimed surprise because he didn't know who had the burden of proof under Mississippi law on the issue of notice. It was stipulated, however, that plaintiff (appellee) would accept the burden of proof. The trial judge ruled that since appellee assumed the burden of proof on the issue of notice, the plea of surprise by appellant would be overruled. Appellant did not ask for a continuance or for permission to withdraw its announcement of "ready." The Mississippi law on notice was discussed with sufficient particularity to indicate what the appellee was relying on as to notice.

■ This suit was filed to recover on an insurance contract issued to Southern Industries, Inc., a resident of Pontotoc, Mississippi. The insurance policy was issued by Utica Mutual through its agent, Binford Insurance Agency, in Tupelo, Mississippi. Obligations of contracts are to be determined by the laws of the state where the contracts were made and performed. 12 Tex.Jur.2d 309, Conflict of Laws § 9.

The law of Mississippi governed this contract and was judicially noticed under Rule 184a. There was, therefore, no conflict in findings # 2 and # 3.

Point of error No. 2 states:

"Special Issue no. 3 should have been conditioned on a negative finding to special issue # 2."

■ Although Special Issue No. 3 should have been more clearly conditioned, this point of error is overruled because appellant has not shown that the failure to submit Special Issue No. 3 conditionally was harmful error under Rule 434. If Issue No. 3 had not been answered because it was submitted conditionally, appellee would still have recovered on the basis of the answer to Issue No. 2. The failure to clearly condition the submission of Issue No. 3 did not cause the rendition of an improper judgment.

Appellant groups its next three points of error together:

"POINT OF ERROR III: PLAINTIFF'S EXHIBIT 11 SHOULD NOT HAVE BEEN ADMITTED INASMUCH AS SAME VIOLATED THE BEST EVIDENCE RULE AND WAS HEARSAY.

"POINT OF ERROR IV: THERE WAS NOT EVIDENCE TO SUPPORT THE JURY'S AFFIRMATIVE RESPONSE TO SPECIAL ISSUE 4.

"POINT OF ERROR V: THE JURY'S ANSWER TO SPECIAL ISSUE 4 WAS SO AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE AS TO BE MANIFESTLY UNJUST."

All three of these points relate to Special Issue No. 4, since plaintiff's exhibit no. 11 tends to support the jury's answer to Issue No. 4.

Plaintiff's exhibit no. 11 is a letter from the Texas Highway Department to appellee's attorney explaining that the citation and petition mailed to Southern Industries was returned undelivered. The court admitted this letter into evidence for the purpose of showing that Southern Industries never received notice.

■ Any error with respect to the jury's finding on Special Issue No. 4 would be harmless in view of the finding on Special Issue No. 6.

Appellant next asserts the following points of error:

"POINT OF ERROR VI: THE TESTIMONY OF JOHN W. GARRETT CONCERNING THE IDENTITY OF THE LIABILITY INSUROR AND THE OWNERSHIP OF THE TRUCK SHOULD NOT HAVE BEEN ADMITTED SINCE BOTH WERE HEARSAY.

"POINT OF ERROR VII: THE TESTIMONY OF WILLIAM SMITH CONCERNING INSURANCE COVERAGE ON THE TRUCK IN QUESTION SHOULD NOT HAVE BEEN ADMITTED SINCE SAME WAS CLEARLY HEARSAY.

"POINT OF ERROR VIII: THE TESTIMONY OF WITNESS WOERNER SHOULD NOT HAVE BEEN ADMITTED WITH REGARD TO THE RECORDS OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY SINCE IT WAS UNDISPUTED THAT HE WAS NOT CUSTODIAN OF SUCH RECORDS.

"POINT OF ERROR IX: THERE WAS NO EVIDENCE TO SUPPORT THE JURY'S RESPONSE TO SPECIAL ISSUE 1."

■■■ A review of portions of the statement of facts shows that there was some evidence to support Issue # 1.

Plaintiff's exhibit # 2 is a letter from the Texas Department of Public Safety which recites that John Garrett reported insurance coverage to Utica Mutual Insurance Co. and no rejection was received from the insurance company. This letter was introduced into evidence by N. K. Woerner, who was manager of the statistical service bureau and custodian of the accident records for the Texas Department of Public Safety up until February 28, 1971. Appellant objected to this letter on grounds that Mr. Woerner was no longer the custodian of the records and that the best evidence rule was violated.

■■■ Appellant's objections are without merit. A memorandum or record to be admitted under Vernon's Ann.Tex. Rev.Civ.Stat. 3737e may be proved by testimony of the entrant, custodian, or other qualified witness. Mr. Woerner not only was the custodian at the time the letter was made, but he signed the letter. Furthermore, he testified that a certified copy was not available because the Department of Public Safety had destroyed the old records in order to conserve space. The purpose of the best evidence rule is to produce the best obtainable evidence, and if a document cannot as a practical matter be produced because of its loss or destruction, then the production of the original is excused. 2 McCormick & Ray, Texas Law of Evidence § 1571.

Mr. Woerner testified that he had torn off the bottom portion of one of the Department of Public Safety forms and mailed it to Utica Mutual Insurance Company, but no rejection was received by Utica denying coverage.

Utica admits that it issued policy no. 27871–CL to Southern Industries, Inc., but claims that it cannot determine which vehicles were covered by the policy because those records have been destroyed.

William Smith, a truck driver employed by Southern Industries who was riding in the truck at the time of the accident, testified that the truck in question was owned by Southern Industries, Inc. He also testified that he knew that a liability insurance policy was purchased to cover the International truck. Mr. Smith testified that the $300,000 insurance policy with Utica Mutual stayed in the pocket of the truck at all times, and he had read only the front page of the policy which showed coverage for Southern Industries.

■■■ Mr. Garrett testified that the International truck belonged to Southern Industries and was covered by insurance issued by Utica Mutual, but he admitted that his information about ownership and insur-

ance coverage came from other persons. Appellant's hearsay objections to Mr. Garrett's testimony were valid, but the other evidence supports the jury's answer to Special Issue No. 1, and the error in admitting his testimony does not constitute reversible error.

Appellant's next points of error are:

"POINT OF ERROR X: THE TESTIMONY OF WITNESS SMITH CONCERNING THE REPORTING OF THE ACCIDENT SHOULD NOT HAVE BEEN ADMITTED SINCE IT WAS CLEARLY HEARSAY.

"POINT OF ERROR XI: THERE WAS NO EVIDENCE TO SUPPORT THE JURY'S AFFIRMATIVE ANSWER TO SPECIAL ISSUE 2.

"POINT OF ERROR XII: THE JURY'S AFFIRMATIVE ANSWER TO SPECIAL ISSUE 2 WAS SO AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE AS TO BE MANIFESTLY UNJUST."

 In deciding the "no evidence" point only the evidence tending to support the finding should be considered, Commercial Standard Insurance Co. v. Allred, 413 S.W.2d 910 (Tex.1967), while all the evidence should be considered in deciding the "great weight" point. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

Mr. Smith testified as to the reporting of the accident. He related that after his return to Mississippi his employer's dispatcher, Mr. Blankenship, after filling out the insurance part of the blue report form received from the Texas Department of Public Safety, called Mr. Binford (or Bedford), "the man that represented the insurance company, I think, on all of the truck insurance we had" at Tupelo, Miss., some twenty miles away. Smith didn't know who was on the other end of the line, but his employer was very strict about wanting any accident reported immediately. On that particular morning he had asked his employers to report on the insurance so he would have no problem when he entered another state. He testified that he told Mr. Blankenship the accident needed to be reported to the insurance company and he heard Mr. Blankenship call and tell someone he wanted to report the accident that occurred in Texas. He read over the telephone the parts of the blue form that the highway patrolman had filled out.

Smith's recounting of the telephone call did not constitute hearsay. "Evidence of a statement made out of court when such evidence is offered for the purpose of proving the truth of such previous statement, is inadmissible as hearsay." 1 McCormick and Ray, Texas Law of Evidence 559, § 781 (2nd ed. 1956).

Mr. Woerner testified that the bottom portion of the Department of Public Safety form is usally torn off and mailed to the insurance company for verification between 22 days and 60 days after the accident. This form was sent to Utica Mutual Insurance, but no rejection of coverage by them was received. Woerner did not know whether Utica actually received the form.

Mr. Garrett testified that he did not report the accident to a representative of Utica Mutual Insurance Co.

Plaintiff's exhibit # 7 is a letter delivered to Utica Mutual on April 11, 1960 giving notice of the accident. This letter, however, did not list the insurance policy number, and it erroneously stated the owner of the truck to be E. L. Bruce Company. Subsequent correspondence (Plaintiff's exhibits 8–10) gave notice of the policy number and ownership by Southern Industries.

Bennett Stewart testified that Utica's files indicated that no report of the accident in question was made and no suit papers were received. He could not state, however, whether or not Southern Indus-

tries notified the Binford Insurance Agency about the accident.

 Appellant's "no evidence" and "great weight" attacks on Special Issue No. 2 are overruled.

Appellant's last point of error states:

"POINT OF ERROR XIII: THERE ARE NO PLEADINGS WHICH WOULD SUPPORT THE SUBMISSION OF SPECIAL ISSUES 2, 3, 4, and 5."

Appellant's argument under this point is based upon the contention that appellee made a judicial admission that no defense would be valid against Utica's claim of failure to give notice of the accident and failure to forward suit papers. This alleged judicial admission was made in appellant's first original amended petition which states:

"Had the defendant raised these affirmative defenses five and one-half years ago, then the plaintiff would have been able to properly prepare a defense to these affirmative allegations, but at this late date and after this long period of time it is impossible for the plaintiff to adequately defend against the allegations and since this delay in pleading is solely due to the defendant, then defendant cannot now urge such affirmative defenses."

This allegation does not constitute a judicial admission. The clear intent of appellee was to show that the delay in asserting affirmative policy defenses prejudiced his ability to respond to to these defenses. A judicial admission must be deliberate, clear and unequivocal. Robinson v. Ashner, 364 S.W.2d 223 (Tex.1963). Appellee's pleading was not a deliberate, unequivocal admission that appellant's affirmative defenses were valid; in fact, appellee alleged that these defenses were barred by laches. This point of error is also overruled.

Affirmed.