## EDWARD H. DYKES v. CHARLES E. WYMAN AND HENRY W. BUSWELL.

*Contract—Duplicate—Evidence—Practice in circuit courts—Striking out testimony previously admitted under objection—Usury.*

1. A contract purporting to have been executed in duplicate was allowed to be proved by a copy, the loss of the original being admitted ; it appearing that no duplicate was in fact made, and it not appearing that one was intended to be made, and the party objecting to such secondary evidence not having required it.

   *Held,* that an objection to such testimony, because no duplicate was ever made and given to the objecting party, was properly overruled.

2. A trial court can take time to consider evidence introduced, and, finding error in its admission, correct it by removing the testimony from the case, and cautioning the jury against giving it any weight or consideration in their deliberations; and it is not the habit of the appellate court, in *civil* cases, to reverse judgments on this account, unless fully satisfied that *prejudicial* error has occurred.

3. An objection to the admission of a contract in evidence as unconscionable and void upon its face can have no force if it has been *voluntarily* performed by the objecting party; such objection going to the *merits* of the case, if such performance is shown to have been *forced* and under *duress*.

4. The courts in this State can give no relief to one who has *freely*, and of his own *accord*, fulfilled a usurious contract.

Error to Ottawa. (Arnold, J.) Argued July 7, 1887. Decided October 13, 1887.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*V. W. Seely* (*A. Dickerman*, of counsel), for appellant.

*Edwin F. Uhl* and *George A. Farr,* for defendants.

MORSE J. In 1880 the plaintiff was the owner and master of a vessel at Grand Haven, Michigan, incumbered by a mortgage of nearly $2,000.

He applied to defendants to loan him a sufficient amount to pay this mortgage, which, after much solicitation, they did; and on the fourteenth day of January, 1880, to secure them for this loan, the plaintiff gave defendants two promissory notes, one for $966, payable December 1, 1880, and the other for $966.98, due December 1, 1881, with interest at 10 per cent., which notes were secured by mortgage upon the vessel.

A contract, bearing date the same day, was executed between the parties, setting forth the advancement of the money by defendants to plaintiff, and the execution of the notes and mortgage, and providing, among other things, that the defendants should be permitted to ship all the lumber they might wish upon said vessel at the going rates of freight, and were—

"To have as their own one shilling per thousand feet on all lumber shipped on said schooner during the seasons of the years 1880 and 1881, which amount they may retain on

all lumber shipped for themselves, and which amount shall be paid over to them on all lumber shipped for other parties by said party of the first part [Dykes] on demand thereof."

The defendants claimed that this contract was made at the same time the notes and mortgage were executed, and was fully understood and agreed to by plaintiff.

Dykes claims that the contract was not executed until several days after the making of the notes and mortgage, and testified on the trial that the clause in relation to the payment of a shilling per thousand feet of lumber was retained in said contract without his knowledge or consent; that when the instrument was read over to him in the office of R. W. Duncan, who drew it, he objected most decidedly to any such arrangement, and from what was said, and certain motions made by Duncan, he supposed that this and another objectionable clause were erased and stricken out of the contract, and, so believing, he signed it.

During the year 1880 plaintiff paid to defendants in all at various times $1,405, and in 1881 $1,170.12, making a total of $2,575.12.

In December, 1881, the plaintiff wanted to loan $100 of defendants. They declined to lend him any money, and claimed a balance due them of $1,200 or thereabouts. He finally paid them $1,000.

About four years thereafter he brought this suit in assumpsit in the circuit court for Ottawa county, to recover back the excess paid defendants, over and above the principal sum of said notes, and interest thereon at 10 per cent.

He claimed that the payment of the $1,000 was not voluntary, but under duress, the defendants threatening if he did not pay that sum to seize his vessel, tie it up, and sell it.

The defendants deny any duress. Various errors are assigned; but we think the cause was fairly submitted to the jury, who found for the defendants.

It seems that the contract purported at the last of the attestation clause to be in duplicate. The original was admitted to be lost, and proof of its contents was made by copy. It also appeared that in fact no duplicate was executed. The plaintiff's attorney objected to the introduction of the instrument, because no duplicate was ever made and given to plaintiff. It did not appear that any duplicate was ever intended to be made, and the plaintiff never required it. The objection was properly overruled.

Some testimony was received by the court, and afterwards stricken out. It is contended that the striking out did not cure the error of allowing it to be heard by the jury. At first the court refused to receive it. Upon further argument it was admitted, under objection, the circuit judge expressing doubts as to its competency. Afterwards, upon reflection, and upon his own motion, he ordered it stricken from the case. We find no error in this action.

It must be that a trial court can take time to consider evidence introduced, and, finding error in its admission, correct it by removing the testimony from the case, and cautioning the jury against giving it any weight or consideration in their deliberations. This was done here. It must be held, we think, that jurymen are ordinarily honest and intelligent enough to obey the admonitions of the court, and to discard from their minds all thought or influence of the rejected testimony.

It is not the habit of the courts of last resort, in civil cases, to reverse judgments on this account, unless fully satisfied that prejudicial error has occurred.

The admission of the contract was also objected to, on the ground that, upon its face, it was unconscionable and void. This objection could have no force if it had been voluntarily performed by the plaintiff. It was not a proper objection to its introduction as evidence of an agreement between the parties. The objection went to the merits of the case, if the

plaintiff should establish that his performance of it was forced and under duress.

The very gist and essence of the plaintiff's case was that he had been unduly compelled to pay usurious interest, or its equivalent. If he failed to show this, he could not recover. However hard the contract may seem, nevertheless it was not void, and, if the plaintiff voluntarily performed it, he could not thereafter question it or recover back the money paid upon it. Parties have the right as between themselves to make such contracts as they please, if they violate no law or public policy in so doing.

There is in this State no relief for one who has freely, and of his own accord, fulfilled a usurious contract.

The court instructed the jury, among other things, as follows:

"If you find from the evidence that the plaintiff supposed, when he paid the shilling a thousand to the defendants, that it was a bonus, and that he had agreed to pay it as a bonus, and did so pay it, he cannot recover for such payments, if he agreed to pay the shilling a thousand as a bonus. Then, if he knew at the time of the payment of the shilling per thousand that it was a bonus, and so paid it, he cannot recover in this action.

"If you find from the evidence in this case that the plaint-iff paid the defendants more than was due upon the notes and mortgage for principal and 10 per cent. interest, in excess of all sums you find was voluntarily paid as a shilling per thousand bonus, and the defendants, or either of them, threatened to seize and sell the vessel under the mortgage, and that the plaintiff paid such excess by reason of such threats, and to prevent the seizure and sale of his vessel under the mortgage, then he is entitled to recover against these defendants such excess so paid them, with interest thereon at seven per cent. from the twelfth of September, 1885.

"If the plaintiff paid to the defendants the sum of ten or twelve hundred dollars, or any part of this sum, in excess of the amount of the notes and ten per cent. interest, and also in excess of all sums voluntarily paid as a bonus of one shilling per thousand for the use of the money, and made such payments by reason of the threats of the defendants,

or either of them, to seize and sell his vessel unless he did so pay, and plaintiff would not have paid the same but for such threats, then such payment was not voluntary, and the plaintiff is entitled to recover back such excess from the defendants, with interest from the twelfth of September, 1885, to the present time, at seven per cent. per annum."

These instructions put the plaintiff's case as fairly to the jury as he could claim under the law. When the jury found, as they must have done, that he paid no money in excess of the amount of the notes and 10 per cent. interest, under duress or threats of seizure of his vessel, but paid such excess voluntarily and understandingly, his case was ended.

The other errors alleged are of no importance. There was no question of application of payments in the case. There was no duress claimed except in the payment of the last thousand dollars. If there was no duress, then it did not matter where or how the previous payments were applied.

The jury, under a fair charge and upon a fair trial, found, in substance, by their verdict, that the contract was made the same day the notes and mortgage were executed, and made understandingly by the plaintiff, and that all the payments made by him were voluntary, and without mistake as to the purport and terms of his agreement. Under such a finding the law would preclude his recovery.

There is room for argument that, considering the character and uncertainty of the risk that the defendants took in lending money upon no security but this vessel, the contract cannot be classed as a hard one, but rather as one which, under the circumstances, was not unequal as between the parties, both taking the chances of a venture. But as the jury settled the issue against the plaintiff, the character of the contract, whether usurious or not, cuts no figure here. They find that he voluntarily performed it, knowing what he did, and therefore he lost all remedy against the usury, if there was any, in the agreement for the loan.

The judgment is affirmed, with costs.

The other Justices concurred.