*In re* HOAG'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—CONTRACTS WITH DECEASED—
   EVIDENCE.
   Under claimant's alleged contract with his sister whereby he
   refrained from contesting their father's will upon her agree-
   ment to pay him $5,000 when she received the money from
   closed banks, he failed to make out a prima facie case against
   her estate where there is no showing that the money had been
   received from the banks.

2. TRIAL—DISCRETION OF COURT—REOPENING CASE.
   It is a matter for the discretion of the trial court as to whether
   case may be reopened for the introduction of additional evi-
   dence upon the discovery of defect in proofs.

Appeal from Wayne; Callender (Sherman D.),
J. Submitted January 14, 1941. (Docket No. 101,
Calendar No. 41,467.) Decided April 8, 1941.

In the matter of the estate of Grace Sophia Hoag.
Jerome Hoag presented his claim for money due
under an alleged compromise agreement. Claim
disallowed. Plaintiff appealed to circuit court.
Judgment for defendant. Plaintiff appeals. Af-
firmed.

*Echlin & Lendzion,* for plaintiff.

*Humphreys Springstun,* for defendant.

CHANDLER, J. The last will and testament of
Joseph Hoag devised and bequeathed the residue
of his estate to Grace Hoag, his daughter, now de-
ceased. Jerome Hoag, appellant herein, is a brother

of decedent and received only $50 under the provisions of the will of Joseph Hoag.

The record shows that appellant was dissatisfied with the amount bequeathed to him by his father and it is claimed that Grace Hoag, prior to her death, agreed to pay him the sum of $5,000 on condition that he refrain from contesting his father's will. After the death of Grace, appellant presented his claim in the probate proceedings involving her estate, where it was disallowed. An appeal was taken to the circuit court. At the close of appellant's proofs, the trial court directed a verdict for defendant, and it is from the judgment entered in accordance therewith that this appeal is taken.

Appellant's wife testified as to an occasion on which Grace Hoag came to appellant's home, at which time, in the course of an argument, it is claimed appellant told his sister that he intended to contest his father's will. The two discussed the property involved, including some funds that were on deposit in closed banks, and it is claimed that Grace then agreed to pay appellant $5,000 when she got all the money out of said banks, if he would refrain from contesting the will.

The foregoing is, in brief, the basis of appellant's claim. The obligation of deceased, if one existed, was to pay appellant the sum of $5,000 when she, deceased, received the money from the closed banks. Aside from the fact that the inventory in the estate of Joseph Hoag showed assets of only $3,736.73, after deduction of expenses of administration, it is clear that appellant was not to be paid under the alleged contract until his sister had received the same from the closed banks. The proofs offered contained no evidence showing that this event had occurred. There was nothing to be submitted to the jury for their consideration. Plaintiff did not make

a prima facie case and the trial court was not in error in directing a verdict for defendant on this ground.

After discovery of the defect in proofs, appellant moved to reopen the case to introduce additional evidence. Whether or not the motion should have been granted was discretionary with the trial judge and it does not appear that he abused his discretion in denying the same.

The judgment is affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.