Frank R. DOPPKE, Appellant,

v.

AMERICAN BANK AND TRUST COMPANY, Appellee.

No. 14769.

Court of Civil Appeals of Texas.

Houston.

March 31, 1966.

Rehearing Denied May 5, 1966.

Kirchheimer & Kirchheimer, Theodore Kirchheimer, Houston, for appellant.

George H. Hagle, Houston, Andrews, Kurth, Campbell & Jones, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit on a promissory note by a National Bank located in Lansing, Michigan. Appellant filed a cross-claim based on the payment of usurious interest. The cross-claim was disallowed and this appeal followed.

Appellant purchased a house trailer from Little Lake Mobile Home Sales. In connection with this sale he executed a conditional sales contract and a promissory note. The contract itemized the consideration as follows:

| | |
|---|---:|
| Cash delivered price | $5,201.00 |
| Down payment | 1,000.00 |
| Balance to finance | 4,201.00 |
| Insurance | 388.86 |
| Interest | 1,926.86 |
| Total contract | 6,516.72 |

The total contract price was payable in 84 equal installments of $77.58. A promissory note secured by the contract was executed. It provided for interest after maturity and for acceleration of maturity in case of default in the payment of any installment. The note was payable at the office of the American Bank and Trust Company, Lansing, Michigan, and recited that appellant's residence was Route 2, Negaunee, Michigan. The form for the contract and note was supplied to the Trailer Company by the Bank. The note and chattel mortgage was assigned to the Bank by the Trailer Company.

Six months later appellant purchased another house trailer from Little Lake Mobile Home Sales. A note and chattel mortgage was executed by the parties. This mortgage recites appellant's residence as being in Negaunee, Michigan, and Little Lake Mobile Home Sales' residence as Forsyth, Michigan. It shows a cost price of $4,596.-16, a "time price differential (finance and service charge)" of $1,815.48, and a "time selling price" of $6,411.64. The note was

in the principal sum of $6,411.64 payable in 79 monthly installments of $81.16 each and bearing interest at the highest legal rate after maturity. It provided for acceleration on default and was payable at American Bank and Trust Company, Lansing, Michigan. This note and mortgage was assigned to the Bank. Two days later the first note and mortgage was marked paid by the Bank and the Bank records reflect that it was paid.

Appellant testified that he was dissatisfied with the first trailer and went to Mr. Smith, the owner of Little Lake Mobile Home Sales, and asked him if he could somehow or other arrange to get another trailer which he had on the lot. Smith told him that he would "take the balance of the first trailer, what I owed on it, and put it toward the second one, and he would arrange for all the paper work, which he did, and * * * any difference in the price of the trailer, he would add to the second mortgage."

It was stipulated that appellant made eighteen payments on the second note, leaving an unpaid balance of $4,950.76. After appellant defaulted the maturity of the note was accelerated, the chattel mortgage foreclosed, and the trailer sold for a fair price. After crediting appellant with the proceeds of the sale, there remained due on the note the sum of $2,617.52.

The trial court found that the first trailer was returned by appellant and the note and chattel mortgage securing it were cancelled by mutual agreement and that appellant was given credit for payments made on the first trailer when he purchased the second one. Appellant urges that the evidence is insufficient to support this finding of fact. In view of the disposition we make of this case, we find it unnecessary to determine this point.

It is appellant's contention that the chattel mortgage contracts show on their faces usurious interest charges of $1,926.86 in one case and $1,815.48 in the other, and that in addition the acceleration clauses make the notes usurious.

This question must be determined under the applicable Michigan law. Pursuant to the provisions of Rule 184a, Franki, Ann. Texas Rules of Civil Procedure. (Vernon 1955), appellee moved that the trial court take judicial notice of the applicable statutes and decisions of the State of Michigan. This motion was filed prior to the date of trial and notice of the motion was given to appellant. The trial court found as a matter of law that the Michigan law was applicable and that the contracts were not usurious under that law.

Appellant now contends that the trial court could not notice the law of Michigan unless it was proved at the trial as provided in Article 3718, Vernon's Ann.Tex.Civ. St., and also contends that the motion was insufficient in that it failed to set out with particularity what laws or court decisions appellee desired the court to judicially notice.

Appellant was put on notice that appellee contended that the contracts were not usurious under the Michigan court decisions by an application for summary judgment filed in the cause several months prior to the trial, which application cited the cases upon which appellee relied. In the absence of any exception to the contents of the formal notice or to the date on which it was filed, the trial court did not abuse his discretion in determining that the notice was timely and sufficient. Gard v. Gard, Tex.Civ.App., 244 S.W.2d 884; Gould v. Awapara, Tex.Civ.App., 365 S.W.2d 671.

It is not necessary to produce proof of facts of which a court is authorized to take judicial knowledge. Marsh v. Millward, Tex.Civ.App., 381 S.W.2d 110, error ref., n. r. e.; McCormick and Ray, Texas Law of Evidence, Vol. 1, Ch. 5, Judicial Notice.

Since these contracts were entered into in the State of Michigan and were to

be performed there, and all parties were citizens of that State on the date each was executed, the interpretation, validity, and obligations of the parties thereto must be determined by the law of the state where executed. McCans v. Brandtjen & Kluge, Inc., Tex.Civ.App., 179 S.W.2d 352; 16 Am.Jur.2d, Conflict of Laws, § 39.

In Keefe v. Bush & Lane Piano Co., 1929, 247 Mich. 82, 225 N.W. 585, the Supreme Court of Michigan said:

" 'Usury can only attach to a loan of money or to the forbearance of a debt. On a contract to secure the price or value of work and labor done, or to be done, or of property sold, the contracting parties may agree upon one price if cash be paid, and upon as large an addition to the cash price as may suit themselves if credit be given; and it is wholly immaterial whether the enhanced price be ascertained by the simple addition of a lumping sum to the cash price, or by a percentage thereon. In neither case is the transaction usurious. It is neither a loan nor the forbearance of a debt, but simply the contract price of work and labor done, or property sold; and the difference between cash and credit in such cases, whether 6, 10, or 20 per cent., must be left exclusively to the contract of the parties, and no amount of difference, fairly agreed upon, can be considered illegal.' Davidson v. Davis, 59 Fla. 476, 52 So. 139, 28 L.R.A., (N.S.), 102, 20 Ann.Cas. 1130; State Mut. Rodded Fire Insurance Co. [of Michigan] v. Randall, 232 Mich. 210, 205 N.W. 165, 41 A.L.R. 973."

In Wright v. First National Bank of Monroe, 1941, 297 Mich. 315, 297 N.W. 505, the court said:

"Even though the contract of May 20, 1932, involved in part the payment of usury by the plaintiffs, its effect was a voluntary settlement of a usurious obligation. It was not necessary for the plaintiffs to pay this usurious sum and it was therefore a voluntary payment by them. The rule in this State is that one who has freely and of his own accord fulfilled a usurious contract

cannot have relief or recover the money paid thereon. Dykes v. Wyman, 67 Mich. 236, 34 N.W. 561. Our research has failed to disclose a single case wherein the usurious debt was settled by taking the property, conveyed to secure it, where a court of equity has opened the transaction and allowed a redemption on the grounds of usury alone."

In Black v. Contract Purchase Corporation, 1950, 327 Mich. 636, 42 N.W.2d 768, the court said:

"Unless the sale and purchase of property is a mere pretense, the seller may charge a greater price for goods bought on credit than for cash without rendering the transaction usurious. Hartwick Lumber Co. v. Perlman, 245 Mich. 3, 222 N.W. 147; Keefe v. Bush & Lane Piano Co., 247 Mich. 82, 225 N.W. 585.

" 'Exacting a credit price for an automobile in excess of the legal interest on the cash price is not usurious.' General Motors Acceptance Corp. v. Swain, La.App., 176 So. 636.

"The sales of the vehicles were unquestionably consummated and were the actual basis of the dealings. They were not fictitious creations serving as camouflage. Defendant, through purchase of the commercial paper, had the right to enforce the obligations in accordance with their tenor and its refusal to appreciably reduce them upon payment in full before due date was in pursuance of that right."

These cases by the Supreme Court of Michigan establish that the contracts in question in this case are not usurious; that in any event there could be no recovery on the first contract because appellant voluntarily paid it off; and that the contracts were not made usurious by reason of the acceleration clauses. Other claimed errors, therefore, become immaterial.

The judgment of the trial court is affirmed.