SIENKIEWICZ v LEONARD MORTGAGE COMPANY

1. Usury—Interest—Charges—Attorney Fees—Court Costs—Bar
   to Recovery—Statutes.
   A lender who has violated the usury statute is barred from
   recovering interest, official fees, delinquency or collection
   charges, attorney fees, or court costs (MCLA 438.32).

2. Usury—Contracts—Voluntary Payments—Involuntary Pay-
   ments—Recovery Payments.
   One who has freely and of his own accord fulfilled a usurious
   contract cannot have relief or recover the money paid on the
   contract; however, usurious interest payments may be recov-
   ered where the payments were not made voluntarily.

3. Judgment—Summary Judgment—Issue of Material Fact—
   Pleadings—Depositions—Affidavits—Evidence.
   All pleadings, depositions, affidavits, admissions, and documen-
   tary evidence must be considered to determine, upon a motion
   for summary judgment, if there is a genuine issue as to any
   material fact.

4. Judgment—Summary Judgment—Motions—Failure to State
   Claim—Failure to State Defense—Pleadings—Court Rules.
   A motion for summary judgment is to be tested by the pleadings
   alone where the motion is based upon either a failure to state a
   claim upon which relief can be granted or a failure to state a
   valid defense (GCR 117.2[1], [2]).

5. Appeal and Error—New Issue of Fact—Belated Assertions—
   Unsworn Assertions.
   Belated and unsworn assertions are not sufficient to raise a new
   issue of fact on appeal.

References for Points in Headnotes
[1] 45 Am Jur 2d, Interest and Usury §§ 275, 307 *et seq.*
[2] 45 Am Jur 2d, Interest and Usury § 276.
   Right, in absence of statute expressly so providing, to recover back
   usurious payments. 59 ALR2d 522.
[3] 73 Am Jur 2d, Summary Judgment § 26.
[4] 73 Am Jur 2d, Summary Judgment §§ 25, 32.
[5] 5 Am Jur 2d, Appeal and Error §§ 736, 748.
[6] 59 Am Jur 2d, Parties § 59 *et seq.*

6. PARTIES—CLASS ACTIONS—JUDGES—CERTIFICATION—LEGAL CLAIM.
   Certification of a case as a class action was properly refused
      where plaintiffs failed to establish a legal claim against the
      defendant.

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 January 15, 1975, at Detroit. (Docket No. 20215.) Decided February 25, 1975.

Complaint by Henry J. Sienkiewicz and Virginia Sienkiewicz against Leonard Mortgage Company to recover allegedly usurious interest payments made on a promissory note. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Donnelly W. Hadden,* for plaintiffs.

*Milmet, Vecchio, Kennedy & Carnago, P. C.,* for defendant.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Plaintiffs appeal from the trial court's grant of defendant's motion for an accelerated and/or summary judgment entered on April 24, 1974, in Oakland County Circuit Court. Plaintiffs alleged in their complaint that they had signed a promissory note to defendant Leonard Mortgage Company. The note was secured by a second mortgage on Mr. and Mrs. Sienkiewicz's homestead realty and certain household furnishings. They allege that the interest rate on the note, 24 percent, violates this state's usury statute, MCLA 438.31, 438.32; MSA 19.15(1), 19.15(2).

Plaintiffs also allege that there are numerous other people similarly situated and that this class has common questions of law and fact such that a class action should have been certified. The trial

court denied plaintiffs' motion to certify the cause as a class action.

The salient fact of this case, on which the parties agree, is that subsequent to defendant's issuance of a notice of foreclosure, plaintiffs paid the defendant on the note in full. The issue then becomes whether a borrower who has paid usurious interest can recover those payments.

Under MCLA 438.32; MSA 19.15(2) the remedy upon a usury statute violation is to bar the recovery by the non-complying lender of "any interest, any official fees, delinquency or collection charge, attorney fees or court costs * * * ".

In *Wright v First National Bank of Monroe,* 297 Mich 315; 297 NW 505 (1941), the Michigan Supreme Court held that a mortgagor was entitled to no relief from a usurious bank loan where, after the mortgage was in default, the mortgagor made an escrow arrangement under which acceptance of the property was in full settlement of the mortgage debt. The court stated that in Michigan the rule is that "one who has freely and of his own accord fulfilled a usurious contract cannot have relief or recover the money paid thereon". 297 Mich 328; 297 NW 511. See also *Gladwin State Bank v Dow,* 212 Mich 521; 180 NW 601 (1920), and *Solomon v Alpena Cedar Co,* 194 Mich 267; 160 NW 536 (1916).

It appears that the majority of jurisdictions, and perhaps the trend of authority, contrary to Michigan, hold that a borrower may recover illegal interest even though it has already been paid. See the citations listed in the Annotation, 59 ALR2d 519, p 526. Unlike some of the statutes from these jurisdictions, however, the Michigan statute bars only the lender's *remedy* of recovering usurious

interest. It does not declare the contract void. Regardless of the wisdom of this rationale in light of a policy of protecting consumers against oppressive exactions by lenders, *Wright v First National Bank* requires this Court to reject the plaintiffs' argument.

In their brief on appeal, plaintiffs argue alternatively that the grant of the summary judgment be reversed to enable them to attempt to establish at trial that the usurious interest payments were involuntary. The principle that borrowers who have paid usurious interest are barred from recovery is limited to voluntary payments. *Dykes v Wyman,* 67 Mich 236, 241; 34 NW 561, 564 (1887). Although the plaintiffs raised this point in the court below at argument on the defendant's motion, and in their appellate brief, nowhere in their complaint is this allegation made. Nor did plaintiffs ever seek to amend this complaint or file an affidavit raising the issue.

The defendant in this action did not specify upon which grounds his motion for accelerated and/or summary judgment was based. See GCR 1963, 116.1, 117.2. The trial court treated the motion as one to dismiss for failure to state a cause of action. In order to determine if there is a genuine issue as to any material fact, a court must consider all pleadings, depositions, affidavits, admissions and documentary evidence. *George E. Snyder Associates, Inc v The Midwest Bank,* 56 Mich App 193; 223 NW2d 632 (1974). A motion for summary judgment based upon GCR 1963, 117.2(1) or 117.2(2) is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974).

No matter how this motion is viewed, it is clear that plaintiffs' belated and unsworn assertions on

appeal are not sufficient to raise a new issue of fact.

Since plaintiffs have been unable to establish a legal claim against the defendant, they cannot, of course, certify the cause as a class action.

The orders denying plaintiffs' motion for certification as a class action and dismissing their cause of action were without error.

The judgment of the circuit court is affirmed.