# STATE OF MICHIGAN

# COURT OF APPEALS

---

BRENDA EALEY,

       Plaintiff-Appellant,

v

BENJIGATES ESTATES, LLC, ELM
INVESTMENT COMPANY, and KEITH
HUDSON, also known as KEITH BENJAMIN,

       Defendants-Appellees,

and

ANTOINE M. HAYES, also known as ANTOINE
BENJAMIN, EUGENE W. BROADWAY, also
known as BROADWAY BENJAMIN, and
DAVID WILLIAMS,

       Defendants.

UNPUBLISHED
August 11, 2016

No. 327244
Wayne Circuit Court
LC No. 14-012837-CZ

---

Before: K. F. KELLY, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this dispute over the sale of real property, plaintiff, Brenda Ealey, appeals by right the trial court's order dismissing her claims. For the reasons more fully explained below, we affirm.

## I. UNJUST ENRICHMENT AND CONSUMER PROTECTION ACT

### A. RES JUDICATA

Ealey first argues that the trial court erred when it dismissed her claims for unjust enrichment and violation of the Michigan Consumer Protection Act (MCPA) on the ground that these claims were decided in an earlier federal action and, for that reason, were barred under the

-1-

doctrine of res judicata.[1]  This Court reviews de novo a trial court's decision on a motion for summary disposition.  *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007).  This Court also reviews de novo whether the trial court properly applied the doctrine of res judicata.  *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 10; 672 NW2d 351 (2003).

The doctrine of res judicata has been held to apply when an original action was filed in federal court and a subsequent action is then brought in state court.  *McKane v City of Lansing*, 244 Mich App 462, 466; 625 NW2d 796 (2001).  Similarly, if a party "has litigated a claim in federal court, the federal judgment precludes relitigation of the same claim in state court based on issues that were or could have been raised in the federal action, including any theories of liability based on state law."  *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380-381; 596 NW2d 153 (1999) (quotation marks and citation omitted).  However, in this case, the federal court plainly stated that it was dismissing the federal claims and not retaining jurisdiction over the state claims; for that reason it dismissed the state claims without prejudice. *Ealey v Benjigates Estates, LLC*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued December 9, 2013 (Docket No. 13-10723).  A dismissal without prejudice does not constitute an adjudication on the merits.  *Yeo v State Farm Fire & Cas Ins Co*, 242 Mich App 483, 484; 618 NW2d 916 (2000).  Moreover, when a plaintiff sues in federal court and asserts both state law claims and federal law claims, and the federal court refuses to retain jurisdiction over the state law claims after dismissing the federal law claims, the plaintiff is not barred by res judicata from bringing the state law claims in state court.  *Pierson Sand & Gravel, Inc*, 460 Mich at 382.  Consequently, the trial court erred when it applied the doctrine of res judicata to bar these claims.

## B.  FAILURE TO STATE VALID CLAIMS OF UNJUST ENRICHMENT AND A VIOLATION OF THE CONSUMER PROTECTION ACT

Ealey also argues that the trial court erred to the extent that it dismissed her unjust enrichment and MCPA claims on the ground that she failed to state a claim upon which relief could be granted.  Although the trial court did not cite this ground in its written order dismissing these claims, the parties addressed it before the trial court and Elm Investment and Hudson ask this Court to affirm on this basis.  Because the parties addressed these issues and the issues are ones of law that this Court can decide on the existing record, we elect to exercise our discretion and analyze whether dismissal should have been granted under MCR 2.116(C)(8).  See *Sylvan Twp v City of Chelsea*, 313 Mich App 305, 329; ___ NW2d ___ (2015).

A claim for unjust enrichment involves the imposition of an implied contract to prevent an inequity; however, courts cannot impose an implied contract when there is an express contract covering the same subject matter.  See *Barber v SMH (US), Inc*, 202 Mich App 366, 375; 509 NW2d 791 (1993).  In her complaint, Ealey alleged that there was an express contract covering

---

[1] The trial court's oral ruling was somewhat unclear.  Nonetheless, the trial court's written orders made it clear that it dismissed these claims under MCR 2.116(C)(7).  See *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009).

the sale at issue. Nevertheless, she maintains that the unjust enrichment claim is merely an alternative claim in the event that the contract is determined to be invalid given that Benjigates had no interest in the property and that Elm Investment, the true owner of the property, was not a party to the land contract. But the land contract has not been deemed invalid, and Ealey cites no authority and offers no argument establishing that the facts she has alleged would invalidate the land contract, particularly where she has received a deed and there are no alleged facts indicating that Elm Investment has challenged the validity of the deed. Given these allegations, Ealey failed to state a valid claim for unjust enrichment. *Id*.

"The Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*., prohibits 'unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce[.]' " *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 128; 839 NW2d 223 (2013), quoting MCL 445.903(1). Ealey has not pleaded facts demonstrating that defendants engaged in conduct prohibited under the MCPA. She made conclusory allegations that they charged interest at a usurious rate and that no title-monitoring services were actually provided, but failed to cite authority or establish whether or how such actions amounted to a violation of the MCPA. This is particularly true given that, as discussed below, there were no misrepresentations of fact, and she has already paid the finance charges, thereby waiving any usury defense she may have had. Ealey has also received the deed to the property for which she bargained in this transaction.

Ealey made numerous conclusory assertions that defendants violated the MCPA, but the assertions were unsupported by facts and do not amount to a violation of the MCPA. She alleged that they caused a probability of confusion or a misunderstanding of legal rights, obligations, or remedies in violation of MCL 445.903(1)(n). Specifically, she referred to statements that she did not need a lawyer and that the contract comported with Michigan law. She did not, however, establish how the expression of an opinion on those matters created the requisite probability of confusion or misunderstanding. She also alleged that they represented that the interest rate was legal in violation of MCL 445.903(q), but—even if true—such a statement does not contravene that provision. Ealey similarly asserted that defendants made misrepresentations of fact with respect to the interest rate, in contravention of MCL 445.903(1)(bb), which bars "[m]aking a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is." She did not, however, identify any misrepresentation of fact, as opposed to expressions of opinion, as discussed below in connection with the fraud claim. She alleged that they took advantage of her inability to protect her interests "by reason of disability, illiteracy, or inability to understand the language of an agreement[,]" MCL 445.903(1)(x), but failed to state the manner that they did so. Ealey also alleged that there were gross discrepancies between their oral representations and the written agreement, contrary to MCL 445.903(1)(y), but failed to identify the discrepancies. She further claimed there was a failure to reveal a material fact, the omission of which tended to mislead or deceive, see MCL 445.903(1)(s), and asserted that the parties entered into a consumer transaction in which she waived or purported to waive a right, benefit, or immunity granted by law, see MCL 445.903(1)(t), but alleged no facts to support either statement. Finally, she claimed that defendants failed to reveal material facts in light of

-3-

representations of fact made in a positive manner, see MCL 445.903(1)(cc), but again made no factual allegations to support this conclusion, as discussed in connection with the fraud and silent fraud claims. Therefore, she failed to state a claim under the MCPA.[2] And, because amendment would be futile under the facts of this case, we conclude that Ealey is not entitled to an opportunity to amend either claim. *Kincaid v City of Flint*, 311 Mich App 76, 94-95; 874 NW2d 193 (2015).

## II. FRAUD, CONSPIRACY, AND CONCERT OF ACTION

Ealey next argues that the trial court erred when it dismissed her fraud, silent fraud, civil conspiracy, and concert of action claims under MCR 2.116(C)(8). "This Court reviews de novo a trial court's decision on a motion for summary disposition." *Hackel v Macomb Co Comm*, 298 Mich App 311, 315; 826 NW2d 753 (2012). "Statutory interpretation is a question of law we review de novo, as is the interpretation of administrative regulations." *In re Petition of Attorney General for Investigative Subpoenas*, 274 Mich App 696, 698; 736 NW2d 594 (2007) (citations omitted). Unambiguous statutory language must be enforced as written in accordance with its plain meaning. *Id*.

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted. A reviewing court must accept all well-pleaded allegations as true and construe them in the light most favorable to the nonmoving party. The motion should be granted only if no factual development could possibly justify a recovery. [*Id*. at 315-316 (quotation marks and citations omitted).]

"However, conclusory statements that are unsupported by allegations of fact on which they may be based will not suffice to state a cause of action." *Michigan ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 63; 852 NW2d 103 (2014). A heightened pleading standard applies to fraud claims, which must be stated with particularity. *Id*., citing MCR 2.112(B)(1).

The elements of common-law fraud are that (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew that the representation was false when making it, or made it recklessly without knowledge of its truth and as a positive assertion; (4) the defendant made the representation while intending that the plaintiff would act upon it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury. *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012). "Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Id*. (quotation marks and citation omitted). In general, "an action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact. Future promises are contractual and do not constitute fraud." *Hi-Way Motor Co v Int'l Harvester Co*, 398 Mich 330, 336; 247 NW2d 813

---

[2] Because of our resolution of this issue on appeal, we decline to consider whether the exemption stated in MCL 445.904(1)(a) applies.

(1976). An expression of a legal opinion is also not a false representation concerning an existing or past fact and thus does not constitute fraud. *Cummins v Robinson Twp*, 283 Mich App 677, 697; 770 NW2d 421 (2009).

In support of her fraud claim, Ealey asserted that defendant, Antoine Hayes, also known as Antoine Benjamin, Hudson, and defendant, Eugene W. Broadway, also known as Broadway Benjamin, represented that the land contract she signed for residential property satisfied the requirements of Michigan law and that she did not need a lawyer. These representations cannot support a fraud claim because they were expressions of opinion that did not concern an existing or past fact. *Cummins*, 283 Mich App at 697. It is also notable that the land contract addendum, which Ealey signed, indicated that she acknowledged that "ample time has been allotted for contract review and consultation by qualified legal counsel[]" and that she expressed full and complete understanding of the terms of the document. The land contract addendum is attached to her complaint and is thus part of the pleadings. See *Laurel Woods Apartments v Roumayah*, 274 Mich App 631, 635; 734 NW2d 217 (2007).

Even if, as Ealey claims, the land contract addendum contained a usurious interest rate[3], her sole remedy after signing the agreement was to assert usury as an affirmative defense in any action brought to enforce the usurious contract; once she paid the usurious interest, she waived her usury defense. *Osinski v Yowell*, 135 Mich App 279, 287-288; 354 NW2d 318 (1984). Ealey may not use an independent action alleging a claim such as fraud as a vehicle to recover amounts that she claims to have already paid as interest at an allegedly usurious rate. See *Thelen v Ducharme*, 151 Mich App 441, 449; 390 NW2d 264 (1986); *Sienkiewicz v Leonard Mtg Co*, 59 Mich App 154, 156; 229 NW2d 352 (1975).

Ealey also alleged that defendants fraudulently concealed the legal interest rate that they were permitted to charge on a land contract. Specifically, she alleged that they did not advise her that the amount they were charging as a finance charge and for other charges exceeded the amount allowed by law. However, Ealey did not allege facts establishing a misrepresentation concerning a past or existing fact. Instead, she merely claimed that they failed to inform her that the finance and other charges purportedly exceeded the amount allowed by law. To the extent she claims that they failed to disclose information to her, this claim is more appropriately analyzed as silent fraud, which is discussed later in this opinion.

Ealey also asserted that defendants charged a fee, comprised of $250 for enrollment and $7 a month, for title monitoring services that, according to her, were never provided. She alleged that the land contract addendum required her to pay this fee "for the sole purpose of increasing Defendants' profits and was not for any legal or legitimate purpose in that no title monitoring services were provided." At bottom Ealey claims that defendants did not actually provide the service they contractually agreed to provide; that is, this is nothing more than a claim of a broken

---

[3] The land contract addendum does not expressly impose the 70% interest rate claimed by Ealey. Rather, she calculated this rate by treating the monthly "finance charge" of $175 that was described as "the monthly fee for the time to complete the purchase" as an additional interest payment.

promise rather than a false representation concerning a past or existing fact and is therefore insufficient to establish fraud. *Hi-Way Motor Co*, 398 Mich at 336. A mere broken promise does not comprise fraud. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 379; 689 NW2d 145 (2004). Although fraud may be predicated on a promise made in bad faith without the present intention to perform, Ealey has alleged no facts demonstrating that they did not intend to fulfill the promise at the time it was made. See *id*. at 378-379.

Ealey also asserted that the property was not properly transferred to her given that Benjigates was represented to be the seller of the property, but the deed was from Elm Investment and signed by Hayes as its agent under what Ealey characterizes as the "fictitious" name of Antoine Benjamin. She cites no authority establishing that a deed is invalidated if it is signed under an assumed or fictitious name. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Peterson Novelties, Inc*, 259 Mich App at 14 (quotation marks and citations omitted). A person who conducts or transacts business under an assumed name is required to comply with certain registration requirements. See MCL 445.1(1). Although a statutory penalty is imposed for failure to comply with the registration requirements, the fact that such a penalty is provided "shall not be construed to avoid contracts." MCL 445.5. Hence, even if Hayes failed to file the required certificate for use of the assumed or fictitious name Antoine Benjamin, this would not invalidate any contract that he signed. A deed is a contract. *In re Rudell Estate*, 286 Mich App 391, 402; 780 NW2d 884 (2009). The deed therefore was not invalidated by Hayes's use of the name Antoine Benjamin when signing the deed even if he did not register the assumed name. Ealey also fails to explain how the deed is invalidated merely by virtue of the fact that the land contract and land contract addendum failed to disclose Elm Investment as the owner of the property, particularly given that the deed itself identifies Elm Investment as the owner and there is no indication that it has challenged the validity of the deed. And even if the property was not properly transferred to Ealey, this would amount to a mere broken promise, which is insufficient by itself to establish fraud. *Derderian*, 263 Mich App at 379.

Ealey failed to state a valid claim of common-law fraud.

Ealey next argues that the trial court erred when it determined that she did not state a valid claim of silent fraud. Silent fraud is the same as common-law fraud except that it involves the failure to disclose a material fact that the defendant was under an obligation to disclose. *Alfieri v Bertorelli*, 295 Mich App 189, 193; 813 NW2d 772 (2012). "Such a duty may arise by law or by equity; an example of the latter is a buyer making a direct inquiry or expressing a particularized concern. A misleadingly incomplete response to an inquiry can constitute silent fraud." *Id.* (citations omitted). "A plaintiff cannot merely prove that the defendant failed to disclose something; instead, a plaintiff must show some type of representation by words or actions that was false or misleading and was intended to deceive." *Lucas v Awaad*, 299 Mich App 345, 364; 830 NW2d 141 (2013) (quotation marks omitted).

In her complaint, Ealey failed to allege a valid duty to disclose. "Whether a duty exists is a question of law, not a question of fact. Only factual allegations, not legal conclusions, are to be taken as true under MCR 2.116(C)(8)." *Id*. at 365 (quotation marks and brackets omitted). Ealey alleged that Hayes, Hudson, and Broadway failed to disclose to her that the land contract

did not satisfy the requirements of Michigan law given the allegedly usurious interest rate. In support of this contention, she cites MCL 565.965 and Mich Admin Code, R 339.22333(1).

MCL 565.965, which is part of the Seller Disclosure Act (SDA), MCL 565.951 *et seq*., provides: "An agent of a transferor shall not be liable for any violation of this act by a transferor unless any agent knowingly acts in concert with a transferor to violate this act." She fails to elaborate why she believes this provision created a duty of disclosure regarding the requirements of Michigan law concerning interest rates, or to cite authority establishing that the statute creates such a duty. The disclosures required by the SDA concern *the condition of the property* rather than the requirements of Michigan law concerning interest rates or other aspects of the transaction. See MCL 565.957.

Likewise, the administrative rule Ealey cites, Rule 339.22333(1), which is part of the rules governing the licensure of real estate brokers and salespersons, see Mich Admin Code, R 339.22101 *et seq*., appears, when read in context with Rule 339.22333(2), to be limited to disclosures concerning the condition of the real estate. Rule 339.22333 states:

> (1) A licensee shall not, directly or indirectly, misrepresent material facts.
>
> (2) A licensee's full disclosure to a buyer or seller of material facts within his or her knowledge *about the condition of the real estate* offered shall not be grounds for disciplinary action, despite a claim by the buyer or seller that the disclosure constituted disloyalty to the buyer or seller in violation of an agency relationship. [Emphasis added.]

But even if the prohibition on misrepresenting material facts in Rule 339.22333(1) is not limited to the condition of the real estate as set forth in Rule 339.22333(2), Ealey fails to explain how this prohibition on misrepresenting material facts creates a legal duty to disclose the requirements of Michigan law concerning interest rates. There is no indication in the text of the rule that it creates a duty of disclosure regarding the terms of the transaction between the buyer and seller or the requirements of Michigan law. Also, she has identified no past or existing fact about which anyone failed to make a disclosure; as discussed earlier, it was a matter of legal opinion whether the land contract terms in this case satisfied the requirements of Michigan law. Because Ealey has not established the existence of a legal or equitable duty of disclosure that was violated, she has failed to state a valid claim of silent fraud. Moreover, given the facts of this case, amendment would be futile. *Kincaid*, 311 Mich App at 94-95. Consequently, the trial court did not err when it dismissed these claims under MCR 2.116(C)(8).

Ealey next challenges the dismissal of her civil conspiracy and concert of action claims. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins Co v Columbia Cas Ins Co*, 194 Mich App 300, 313; 486 NW2d 351 (1992). If a plaintiff fails to establish any tortious conduct, the plaintiff's conspiracy action must also fail. *Id*. Similarly, "to establish a concert-of-action claim, a plaintiff must prove that all defendants acted tortiously pursuant to a common design that caused harm to the plaintiff. For both civil conspiracy and concert of action, the plaintiff must establish some underlying

tortious conduct." *Urbain v Beierling*, 301 Mich App 114, 132; 835 NW2d 455 (2013) (quotation marks and citations omitted).

Here, Ealey argues that underlying tortious conduct exists on the basis of her allegations of fraud, silent fraud, and MCPA violations. She argues that the trial court improperly dismissed those underlying claims, and that her civil conspiracy and concert of action claims are also valid on the basis of those underlying claims. But as discussed, Ealey has failed to state valid claims for fraud, silent fraud, and MCPA violations. And she identifies no other tortious conduct that she believes the underlying facts establish. Because Ealey failed to allege facts establishing that defendants committed an underlying tort, she cannot sustain her civil conspiracy and concert of action claims, and the trial court thus properly granted summary disposition on those claims. *Id*.

The trial court properly dismissed Ealey's claims under MCR 2.116(C)(8).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause

-8-